DAVID A. ROSENBERG
Nevada Bar No. 10738
U.S. BANKRUPTCY TRUSTEE
5030 Paradise Rd., #B-215
Las Vegas, Nevada 89119
Telephone: (702) 405-7312
darosenberg@7trustee.net

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

**CHRISTOPHER DEMEO
JENNIFER DEMEO,**

Debtor.

Case No. BK-S-12-19246 LBR
Chapter 7

**TRUSTEE'S MOTION TO SELL FREE AND CLEAR OF LIENS AND ENCUMBRANCES OR, IN THE ALTERNATIVE, MOTION TO SELL SUBJECT TO ANY AND ALL LIENS AND ENCUMBRANCES – REAL PROPERTY**

**[7959 GORGAS COURT, LAS VEGAS, NV 89129]**

Date of Hearing:   November 21, 2013
Time of Hearing:   11:00 am

<u>*Key Terms of § 363(f) Free and Clear Short Sale*[1]</u>

***PURCHASE PRICE:*** *$136,000*

***MARKET VALUE ANALYSIS (APPRAISAL OR BPO):*** *$159,000*

***SELLER TO PAY:***   Broker Commission For Listing/Buyer's Agents (5% Total): *$6,800*
                          Other Closing/Settlement Costs*: $5,973.74*

***BUYER TO PAY:***   Buyer's Premium (the greater of *5% of Final Price* OR *$5,000*)

***TIMING:***   Close of Escrow to take place within 45 days after entry of order granting Sale

***NET PROCEEDS TO LENDER:*** *$123,226.26*

***NET PROCEEDS TO PURCHASE PRICE:*** *90%*

***NET PROCEEDS TO MARKET VALUE[2]:*** *86%*

---

[1] For complete terms, please see the Residential Purchase Agreement and HUD-1 attached to Motion as Exhibit 1.

[2] Fannie Mae, which sets industry standards for acceptable sales, defines a successful preforeclosure sale (i.e. short sale) as one where Net Proceeds To Market Value comes in around or above 90%. *See* Fannie Mae 2012 Servicing Guide (p. 706-49), available at https://www.fanniemae.com/content/guide/svc031412.pdf (accessed June 19, 2013).

Chapter 7 Trustee David A. Rosenberg ("Trustee") hereby files this *Trustee's Motion To Sell Free And Clear Of Liens And Encumbrances Or, In The Alternative, Motion To Sell Subject To Any And All Liens And Encumbrances – Real Property Located at 7959 GORGAS COURT, LAS VEGAS, NV 89129* ("Motion"), seeking authority from the Court, to be granted at a hearing ("Hearing") at the above Date and Time, allowing this sale ("Sale") pursuant to 11 U.S.C. §§ 105 and 363 and Bankruptcy Rules 2002, 6004, 7004, and 9014.

The Court has jurisdiction in regard to this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

### **Background**

1. Christopher DeMeo and Jennifer DeMeo ("Debtor") filed a Voluntary Petition under Chapter 7 of Title 11 in the United States Bankruptcy Court on August 8, 2012 [Dkt. No. 1].

2. The Trustee is duly appointed to administer the estate ("Estate") [Dkt. No. 7].

3. Among the assets of the Estate there exists real property located at 7959 Gorgas Court, Las Vegas, NV 89129 ("Property"). The Debtor valued the Property at $0.00 on his Schedule A filed August 8, 2012 [Dkt. No. 1].

4. On March 12, 2013, the Trustee's application to employ Robert W. Meissner ("Realtor") of Realty One Group as real estate broker ("Broker") for the Estate was filed [Dkt. No. 23]. The Broker's application was approved by the Court's order entered on March 18, 2013 [Dkt. No. 24]. Thereafter, the Broker located potential buyers for the Property.

5. The Broker and the Trustee have contracted with Morgan Properties, LLC ("Purchaser") to sell the Property for $136,000 ("Purchase Price") on the terms provided for in the HUD-1 Settlement Statement ("HUD") and Residential Purchase Agreement ("RPA"). *See* Exhibit 1.

6. The Broker has run comparables and, based on his experience and an independent Broker's Price Opinion ("BPO"), the Purchase Price represents fair market value. *See* Exhibit 2.

7. According to Debtor's Schedule D - Creditors Holding Secured Claims ("Schedule D") and the Preliminary Title Report ("Title Report"), creditors **CIT Group, Inc.**

("Lender"), The Bank of New York Mellon, Capital One Bank USA, N.A., City of Las Vegas Sewer, and Republic Services (hereafter, collectively, "Lienholders") hold secured liens recorded against the Property. *See* Exhibit 3.

8. Additionally, the Trustee estimates that the total amount owed to the Lienholders is $289,049.74 based upon Schedule D and the Title Report.

9. The Lender did not file a Motion for Relief from the Automatic Stay ("Lift Stay Motion"), and the Lender has not indicated a cost of sale ("Cost of Sale").

10. As of the filing of this Motion, the Lender still has not foreclosed on the Property.

## Sale Motion And Terms

Pursuant to §§ 363(b)(1) and 105(a), this Court may authorize the implementation of sale terms. *See In re Mama's Original Foods, Inc.,* 234 B.R. 500, 503 (Bankr. C.D. Cal. 1999)("In selling property of the estate, a trustee is required to market the property in the manner that is customary for property of the kind at issue."). The Sale terms detailed in the Motion, RPA, and HUD—which correspond closely to the manner of sale customarily recognized in the home resale marketplace—ensure that that the Property generates the highest value for the Estate.

**IF THE LENDER DESIRES, THIS SALE MAY BE APPROVED CONDITIONALLY.[3]**

*Substitution of Buyer Clause*

Also included among the Sale terms is a substitution of buyer clause ("Substitution of Buyer Clause"), a provision which allows the Trustee to assign the Purchaser's purchase rights under the RPA to a substitute buyer ("Substitute Buyer"). The Substitute Buyer may then exercise those purchase rights and, like a back-up bidder, close escrow on the Property without

---

[3] If the secured creditor opposes the Sale terms/price, it can elect to only provide conditional consent to Sale, meaning its non-opposition is contingent upon either its secured claim being paid in full or at a lesser amount acceptable to it. Providing conditional consent replicates the same conditions found in a conventional short sale outside of bankruptcy.

**PLEASE NOTE:** before the Trustee will agree to any conditional acceptance, the secured creditor must provide the Trustee with a short sale approval letter (showing a net acceptable payoff) AND contact information for a negotiator/ asset manager with authority to approve a bankruptcy short sale and HUD-1. If, the secured creditor fails to provide the above information to the Trustee (either directly or within its opposition), the Trustee will stop seeking approval for this Sale "free and clear" under § 363(f) and will instead ask the Court to grant this Sale under § 363(b) alone, meaning "subject to all liens and encumbrances"; this alternate relief is requested/detailed on pages 8-9 of the Motion.

the need for the Trustee to seek Court approval for what is substantially the same Sale.[4]  The Trustee may elect to substitute in a different buyer if <u>ALL</u> of the following conditions are met:

(i)  The Substitute Buyer signs a notarized affidavit attesting to his disinterestedness.  This attestation document will be filed on the docket as part of the Trustee's Report of Sale.

(ii)  The Substitute Buyer agrees to accept and assume the entire RPA and HUD as if he had negotiated each word himself and had signed them with full knowledge of their contents.

(iii) The Substitute Buyer must <u>guarantee</u> that, when the transaction closes, the Lienholders (or alternatively, if their liens are in dispute, the Estate) will receive <u>at least</u> the same Proceeds under the HUD as they would if the Purchaser had closed the Sale.  The HUD and RPA may be reworked to allow for any changed conditions since approval of the Sale, and all terms may be modified, at the Trustee's discretion and without seeking Court approval, so long as—when everything is said and done—the Lienholders are paid the same payoff amounts as contemplated in the original Sale order.[5]  To provide full disclosure, any new HUD/RPA will be included as part of the Trustee's Report of Sale.

Otherwise, the Trustee shall be allowed to make necessary changes to advance the Sale so long as these changes have no materially adverse effect on the Trustee, the Estate, or the Lienholders.

*Credit Bidding and Auction Procedures*

Also included in the Sale terms are procedures for overbidding.  The first party to bid will be the Lender, who may credit bid the full extent of § 363(k) provided it also pays half (½) of the Broker Commission AND the Buyer's Premium in cash.  If the Lender declines to credit bid and others wish to participate, the Trustee will move the Court to either allow overbids at the Hearing or else approve the Sale at the Purchase Price and allow the Trustee to use the Substitution of Buyer Clause to carry out an auction ("Auction") in the days following the Hearing.  At that Hearing or Auction, all potential buyers, including the Purchaser, will have an opportunity to overbid.  Regardless of who wins this bidding—the Purchaser, the Lender, or the Substitute

---

[4] The Substitution of Buyer Clause is analogous to how resolicitation of creditors is not required to confirm an otherwise consensual plan that is modified in ways deemed not to be materially adverse to previously consenting creditors. *See* FED. R. BANKR. P. 3019(a); *In re New Power Co.*, 438 F. 3d 1113, 1117-18 (11th Cir. 2006).

[5] This insures that Lienholders are paid no less with a Substitute Buyer than they would receive under the original HUD and RPA approved by the Court.

Buyer—the sale order will refer to that successful party as the buyer ("Buyer"); likewise, it will now refer to the highest bid over and above the Purchase Price as the final price ("Final Price").[6]

**Basis For Sale Free And Clear**

The Trustee requests that the Court, pursuant to § 363(b)(1), authorize him to sell the Property. *See In re Equity Funding Corp. of America*, 492 F.2d 793, 794 (9th Cir.), *cert. denied*, 419 U.S. 964 (1974)(where an asset's market value is likely to deteriorate substantially in the near future, a sale is in the estate's best interest).  Section 363(b)(1) specifically allows for sales of estate property outside of the ordinary course of business, after notice and a hearing, provided the trustee can demonstrate a "business justification" for the sale. *See In re 240 North Brand Partners, Ltd.*, 200 B.R. 653, 659 (9th Cir. BAP 1996); *In re Engman*, 395 B.R. 610, 622-623 (W.D. Mich. 2008)(using § 363(b) sales to illustrate the trustee's discretionary and conditional authority to make decisions on behalf of the estate and the role of judicial scrutiny).

Here, the Trustee is convinced that this Sale is in the best interest of the Estate, as the § 363(f) Purchase Price meets or exceeds the Property's fair market value; likewise, the § 363(b) price provides a return for unsecured creditors.  The Trustee has also adequately articulated a business justification for his decision, since the Estate's share of the Proceeds (or, if sold under § 363(b), the price paid directly to the Estate to obtain title to the Property) will ultimately permit a dividend to the unsecured creditors.  The Trustee submits that, in his business judgment, the best course of action now is to sell the Property pursuant to § 363(b) alone or else free and clear of liens, encumbrances, and interests pursuant to §§ 363(f)(2) and 363(f)(5).[7]

**§ 363(f) Is Satisfied If There Is No Objection From The Lender By The Hearing Date Or If The Lender Gives Conditional Approval To The Sale**

If, by the Hearing, Lienholders do not object to this Motion, those parties will be deemed to have consented under § 363(f)(2). *See FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 285 (7th Cir. 2002)(failure to object constitutes consent, if there was adequate notice); *In re Tabone,*

---

[6] Even if no one overbids, the Purchaser is still renamed the Buyer and the Purchase Price becomes the Final Price.

[7] The Trustee expressly reserves the right to later argue § 363(f)(4) if new facts making it applicable are discovered.

- 5 -

*Inc.,* 175 B.R. 855, 858 (Bankr. D. N.J. 1994)(failure to object to notice of sale or attend hearing deemed consent for purposes of § 363); *In re Elliot,* 94 B.R. 343, 345-346 (Bankr. E.D. Pa. 1988)(consent found where bank received notice of sale and did not file a timely objection).

**ALTERNATIVELY,** this Sale can be authorized under § 363(f)(2) if the Lender will agree to this Sale being granted with a **<u>CONDITIONAL APPROVAL ORDER</u>**.  The entering of a conditional approval order means that the Lender's non-opposition to the Sale is contingent upon its secured claim being paid in full or in accordance with any other acceptable written amount authorized by the Lender ("Final Approval").  If the Lender ultimately refuses to give Final Approval, the Lender retains its full lien and the Sale of the Property may not take place.

Additionally, to the extent that Lienholders with junior interests do object to the Sale, these Lienholders may have their liens removed for less than full value in various proceedings under Nevada and non-bankruptcy law.[8] *See In re Jolan, Inc.*, 403 B.R. 866 (Bankr. W.D. Wash. 2009).  This is because, under § 363(f)(5), if the Lender was to foreclose upon its interest in the Property, applicable nonbankruptcy law would permit a sale free and clear of all junior interests and/or all junior lienholders could be compelled to accept a money satisfaction of their interests. *See Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25 (9th Cir. BAP 2008).

### Close Of Escrow And Distribution Of Funds

The Trustee asks this Court (in accordance with the RPA, HUD, and Motion) to approve the Sale and authorize the title company to close escrow and disburse the Final Price monies, including paying all fees, taxes, and costs associated with completing a sale ("Close of Escrow").

***<u>If The Lender Provides Evidence That It Is Entitled To Be Paid The Proceeds,</u>*** the Trustee will instruct the title company to pay the Proceeds directly to the Lender.  Ideally, the Lender will provide evidence by filing a secured proof of claim in the Debtor's case.  If no claim is filed, the Trustee will treat a motion to lift stay previously filed as an informal proof of claim, provided said motion has adequate documentation attached to it. *See In re Matter of Pizza of Hawaii, Inc.,*

---

[8] *See* NRS § 78.700, 361.585, 361.595, 361.610, 148.130, 148.140 and 26 U.S.C. §§ 6335, 6339(c), 6342. *See also* NRS §§ 40.430 (judicial foreclosure) and 107.080, 116.3116 (nonjudicial foreclosure).

- 6 -

761 F.2d 1374, 1381 (9th Cir. 1985)(holding that motions for relief from the automatic stay constitute informal proofs of claim because they "state an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable").

***If The Lender Fails To Provide Evidence That It Is Entitled To The Proceeds,*** the Trustee's default procedure is to instruct the title company to hand over the Proceeds directly to the Trustee, to be held in trust pending a determination of ownership and an order directing distribution ("Order on Proceeds"). *See In re JL Building, LLC*, 452 B.R. 854, 861 (Bankr. D. Utah 2011)(requiring net proceeds from sale of secured real property be held in trust by the chapter 7 trustee pending a full investigation of claims and further order directing disbursement). If the Lender fails to come forward or present evidence of its entitlement to the Proceeds within six (6) months of entry of the Sale order, the Trustee will be left with no choice but to file an adversary complaint to determine the priority, extent, and validity of liens against the Proceeds.

### Buyer's Premium

The Buyer has agreed to pay the Trustee a buyer's premium ("Buyer's Premium") for his services facilitating the §363(f) Sale. This Buyer's Premium will be equal to 5% of the full Purchase Price, with half (1/2) of the monies paid to the Trustee to be disbursed directly to unsecured creditors. This arrangement will guarantee a meaningful distribution to the Estate.

### Additional Findings And Waiver Of Bankruptcy Rule 6004(h)

The Trustee requests a finding that the Sale of the Property is made in good faith in accordance with 11 U.S.C. § 363(m), such that any appeal will not affect the validity of the transaction. The Buyer is not an insider of the Debtor, the Sale represents an arms-length transaction between the parties, and it is in the best interests of the Lender and the Estate to conclude the Sale as expeditiously as possible. Accordingly, the Trustee asks the Court to waive the provisions of Bankruptcy Rule 6004(h) and provide that the Sale order will take effect immediately upon entry rather than being stayed until the expiration of 14 days after its entry.

The Trustee further requests a finding that adequate notice of the Sale has been given. *See* Bankruptcy Rules 2002, 6004, 7004, and 9014; *see also In re Miell*, 439 B.R. 704, 707-710 (8th

Cir. BAP 2010)(discussing what constitutes adequate notice to secured creditors when a chapter 7 trustee files a motion to sell real property free and clear); *In re MMH Auto. Group, LLC*, 385 B.R. 347, 356-61 (Bankr. S.D. Fla. 2008)(discussing which parties are entitled to receive notice when a chapter 7 trustee files a motion to sell real property free and clear).  The Trustee has complied with the above requisites by properly serving the notice, the Motion, and all related exhibits and declarations on the Lienholders and all other parties in interest.  Additionally, a copy of the notice was served on the entire creditor matrix.  As such, no further notice is necessary.

### Alternatively, Grant The Sale Subject To All Liens And Encumbrances Under § 363(b)

In the event that the Trustee is unable to satisfy § 363(f) at the time of the Hearing, the Trustee asks the Court to grant his alternative relief motion instead, which seeks permission to sell the Property under § 363(b) subject to all liens and encumbrances, with the final sale price ("Final Sale Price") to be determined as follows: (1) bidding at the Hearing will begin with an initial bid of $5,000, with overbids going up from there (or, if there are no bids at that price, bidding will go down from that initial bid); or (2) the Court may approve the Sale at the $5,000 minimum price and allow the Trustee to use the Substitution of Buyer Clause to later carry out an overbid auction ("Auction") in the days following the Hearing.  Additionally, the Trustee also seeks Court approval herein to pay the Realtor from the Final Sale Price for the costs expended and professional services rendered in the failed § 363(f) sale, as well as to cover future fees and costs needed to assist the Trustee in closing the § 363(b) sale, in an amount not to exceed $1,000.

Whether the Final Sale Price is determined at the Hearing or at the Auction, it will be the highest and best, as all potential buyers will have an opportunity to overbid.  Similarly, regardless of whether the Property is sold at the Hearing or Auction, the Sale order will reference the successful party who bids the Final Sale Price as the buyer ("§ 363(b) Buyer").  The sale order will also expressly provide that the Trustee is permitted to execute and give the § 363(b) Buyer whatever documentation (including, but not limited to, a quitclaim deed) necessary to transfer title in the Property from the name of the Debtor to the § 363(b) Buyer.  This § 363(b) sale, in addition to transferring legal ownership to the § 363(b) Buyer subject to all liens, encumbrances, and interests, will be made on an "As is, Where is" basis, without any warranty or representation

- 8 -

of any kind. All rights, benefits, liabilities, and interests that the Debtor had in the Property, to the extent that they entered the Estate when the Debtor filed bankruptcy, will be transferred to the § 363(b) Buyer. As a result, the Estate and the Debtor shall be forever freed of the Property.

### Requests For Relief

**WHEREFORE**, Trustee respectfully requests that the Court, after notice and a Hearing:

(1) Approve the Trustee's Motion to Sell Assets of the Estate Free and Clear of Liens and Encumbrances and authorize the Trustee to execute any and all documents necessary to effectuate the Sale of the Property;

(2) Approve the Sale terms in the Motion, RPA, and HUD, including the Substitution of Buyer Clause provision, or else make these terms conditional on the Lender's Final Approval;

**OR**

(1) If the Trustee is unable to satisfy § 363(f) at the Hearing, approve instead the Trustee's requested § 363(b) alternative relief, as detailed in the Motion To Sell Subject To Any And All Liens And Encumbrances;

(2) Authorize the Trustee to pay the Realtor and execute any and all documents necessary to effectuate the § 363(b) Sale of the Property;

**AND**

(3) Find that the Buyer is purchasing the Property for a fair and reasonable sales price, through an arms-length transaction, in good faith pursuant to 11 U.S.C. § 363(m);

(4) Waive the provisions of Bankruptcy Rule 6004(h) and provide that the Sale order is effective immediately upon entry;

(5) Find that adequate notice has been given;

(6) Any other and further relief as this Court deems just and proper.

DATED: October 21, 2013.                    **U.S. BANKRUPTCY TRUSTEE**
                                            By: */s/ David A. Rosenberg*
                                            David A. Rosenberg, Trustee